[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, David Craig, appeals the sentence imposed by the trial court following his guilty plea to a charge of attempted murder, a first-degree felony. In his timely appeal, he brings forth two assignments of error. Finding neither assignment to have merit, we affirm the judgment of the trial court.
In his first assignment of error, Craig challenges the portions of his sentence relating to "post-release-control" and "bad time." Craig's assignment of error, to the extent that it contends that "post-release-control" under R.C. 2967.28 is unconstitutional for further penalizing him after he has served his stated prison term, is overruled. The Ohio Supreme Court has held that the post-release-control procedure in R.C. 2967.28 does not violate the separation-of-powers doctrine or the Due Process Clause of the United States or the Ohio Constitution.[1]
The transcript of the sentencing hearing demonstrates that the trial court imposed an eight-year prison term and correctly informed Craig of the consequences of "bad time," as required by R.C. 2929.19(B)(3). The judgment of conviction entered in the court's journal does not mention "bad time," but this is immaterial because "bad time" must be imposed, pursuant to R.C. 2967.11(B), "as part of a prisoner's sentence." Thus, it becomes included in the sentence by operation of law. As the Ohio Supreme Court has held that "bad time" under R.C. 2967.11 violates the constitutional doctrine of separation-of-powers,[2] Craig's sentence is based in part on an unconstitutional statute, and, therefore, the portion of the sentence relating to "bad time" is contrary to law.[3]
Accordingly, we sustain that part of Craig's first assignment of error relating to R.C. 2967.11.
In his second assignment of error, Craig maintains that the trial court abused its discretion[4] by imposing an eight-year sentence instead of the minimum sentence of three years. In support of this argument, defense counsel stated in Craig's appellate brief that he believed that Craig had not been previously imprisoned. Pursuant to R.C. 2929.14(B), a trial court may only impose greater than the minimum prison term on a defendant who has not previously been imprisoned if the court finds on the record that the minimum prison term would demean the seriousness of the offense or not adequately protect the public from future crime by the defendant. Our review of the record reveals that the court did not need to make any of the aforementioned findings because Craig had previously served time in prison for drug trafficking, and therefore R.C. 2929.14(B) was inapplicable. Accordingly, we determine that the trial court's imposition of the eight-year sentence, a term less than the maximum penalty of ten years, was not contrary to law. Craig's second assignment of error is overruled.
Pursuant to our disposition of the first assignment of error, we modify Craig's sentence so that his term of confinement is not held subject to "bad time" pursuant to R.C. 2967.11 and we uphold the sentence in all other respects. We hereby instruct the clerk to forward this entry and our mandate to the Adult Parole Authority.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.
[1] See Woods v. Telb (2000), 89 Ohio St.3d 504, 733 N.E.2d 1103, paragraph one of the syllabus; State v. Williams (December 22, 2000), Hamilton App. No. C-000171, unreported.
[2] See State ex rel. Bray v. Russell (2000), 89 Ohio St.3d 132,729 N.E.2d 359, syllabus.
[3] See State v. Kidder (1987), 32 Ohio St.3d 279, 286, 513 N.E.2d 311,318.
[4] R.C. 2953.08 has been amended to reflect that an appellate court's standard of review in sentencing issues is not whether the sentencing court abused its discretion. Instead, the appellate court may modify a sentence if it clearly and convincingly finds that the record does not support the sentencing court's findings or if the sentence is otherwise contrary to law. See R.C. 2953.08 (G)(2)(a) and (b).